[Civ. No. 7063. First Appellate District, Division Two.—January 2, 1930.]

CLARA CARDOZA, as Administratrix, etc., Appellant, v. LIBBIE LEMOS, Respondent.

George O. Bahrs, Ralph Starke and Henry G. Sanford for Appellant.

G. P. Hall, J. Hall Lewis and Henry J. Soldati for Respondent.

KOFORD, P. J.—The representative of the estate of said deceased prosecuted this action against the defendant for the purpose of obtaining a decree determining that certain property in possession of defendant belonged to the said estate. During his lifetime, said deceased established with the defendant, his niece, a joint tenancy with the right of survivorship in and to all his property. This joint estate existed for a long time and continued until his death. Defendant now possesses and claims the property as surviving joint tenant. Plaintiff's complaint alleged that de-

fendant occupied a fiduciary relation towards her uncle because of the trust and confidence reposed by him in her; that she used her position as confidential advisor to practice fraud and undue influence upon her uncle and in that manner procured the creation of the joint tenancy. The trial court, sitting without a jury, found for the defendant and plaintiff appeals.

The findings are in great detail but are well summarized in the following excerpt: "The creation of said joint tenancy in said property was made by said decedent with full knowledge of the legal effect thereof and with the intent that the defendant would become entitled to the possession thereof and the title thereto upon his death; that the defendant, Libbie Lemos, did not at any time influence the said decedent, Domingos Duart, in the creation of said joint tenancy and the said joint tenancy was created by said decedent of his own free will and volition and without the receipt of any advice or suggestions from said defendant."

The points on appeal are all to the one effect that the decision is not supported by the evidence. Appellant's briefs are devoted to an exposition of all the frailties, contradictions, inaccuracies and inconsistencies developed upon cross-examination of the defendant added to the contention that the evidence established that respondent occupied toward her uncle such a position of confidential advisor that a presumption of insufficient consideration and of having exercised undue influence upon him arose by the provisions of Civil Code, section 2235, and that respondent failed to overcome this presumption by evidence.

The evidence in the record is sufficient to support the findings and decision of the court, either upon the ground that the relation between the joint tenants was not that to which the presumption of Civil Code, section 2235, is attached, or upon the ground that respondent overcame such presumption by evidence. The evidence shows that a close and affectionate relationship existed between uncle and niece for thirty-five years; that she nursed and cared for him in sickness and old age; that she customarily accompanied him upon shopping and business trips to town and that she customarily acted as interpreter for him. On the other hand, there is substantial evidence to establish

that deceased was quite competent to handle his own business affairs and did so although he could speak but very little English; that he knew his own mind and exercised his own will; that respondent used no influence upon him to cause him to establish the joint estate; that he took independent advice, particularly that he had explained to him by the officials of the banks where he transacted business the full legal effect of the various documents by which the joint tenancy was established; and finally, that he intended to reward respondent for her long years of service to him by making her the owner of his property upon his death by means of the joint tenancy with right of survivorship.

Appellant contends for the application of each one of the several rules assigned in opinions on appeal, from time to time, for reversing the trial court's findings of fact, but the evidence in this case is not such as to call for a discussion of them. The evidence fully supports the judgment and findings even conceding the most that is claimed for such rules by appellant.

Some time after the creation of the joint tenancy the deceased republished and amended his last will and testament by which he bequeathed his property partly to respondent and partly to other nieces and nephews. Appellant claims great evidentiary value for this fact. This is the most that can be claimed for it. No doubt it was considered together with the other evidence by the court. That fact did not establish a case for the plaintiff. We would have a similar apparent inconsistency if the will were given force to the exclusion of the joint tenancy with survivorship. The latter at that time was in full existence and operation and allowed to remain so until decedent's death.

The judgment is affirmed.

Sturtevant, J., and Nourse, J., concurred.